IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| ESHCOL LAVON SPENCE ) | |
| ALOFAANA SPENCE ) | CASE NO. 12-71251 |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| MYRA CATHERINE SOLLIDAY, ) | |
| ) | JUDGE JOHN T. LANEY, III |
| Plaintiff, ) | |
| ) | ADVERSARY PROCEEDING |
| v. ) | NO. _____ |
| ) | |
| ESHCOL LAVON SPENCE, ) | |
| ) | |
| Defendant. ) | |

### ADVERSARY COMPLAINT
### TO DETERMINE NON-DISCHARGEABILITY OF DEBT

COMES NOW, Plaintiff Myra Catherine Solliday and pursuant to 11 U.S.C. § 523(a)(6) files this Complaint to Determine the Non-Dischargeability of Debtor / Defendant Eshcol Lavon Spence's debt to her in the amount of $2,163,625.00 [Doc. 1, Schedule F, 4th Account] (the "Civil Judgment"), and shows the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

The Debtor / Defendant Eshcol Lavon Spence ("Spence") is subject to the jurisdiction of this Court in that he filed a Chapter 7 Bankruptcy Petition on September 7, 2012, commencing Case No. 12-71251.

1

2.

Plaintiff Myra Catherine Solliday ("Ms. Solliday") is a judgment creditor of Debtor, having obtained her Civil Judgment in the amount of $2,163,625 against Spence in Case No. 4:07-cv-00363-RH-WCS in the United States District Court for the Northern District of Florida, Tallahassee Division, after trial on damages before a jury. Ms. Solliday files this action to establish that the Civil Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

3.

This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

4.

Ms. Solliday is a federal prison inmate formerly incarcerated in Federal Correctional Institution (FCI) Tallahassee.

5.

Defendant Spence was a federal prison guard at FCI Tallahassee during a period of time when Ms. Solliday was incarcerated in that facility.

6.

While a prison guard to FCI Tallahassee and supervising Ms. Solliday Defendant Spence repeatedly sexually abused and assaulted her, thereby willfully and maliciously causing her intentional injuries, including but not limited to physical and emotional pain and anguish.

7.

As a result of his unlawful actions, the Federal Bureau of Prisons terminated Defendant Spence's employment.

8.

As a result of his unlawful actions, Defendant Spence, along with other prison guards who worked at FCI Tallahassee with Defendant Spence, was indicted by a federal grand jury empanelled in the United States District Court for the Northern District of Florida, Tallahassee Division via Indictment No. 4:06-CR-36/RH ("Spence Criminal Case"), a true and correct copy of which is attached hereto as Exhibit A.

9.

The Indictment was subsequently superseded by a Superseding Indictment, a true and correct copy of which is attached hereto as Exhibit B.

10.

Thereafter, Defendant Spence entered a guilty plea as to Count I of the Superseding Indictment and a true and correct copy of the Criminal Minutes – Change of Plea is attached hereto as Exhibit C.

11.

As part of the factual basis for his guilty plea, Defendant Spence admitted to engaging in unlawful sexual conduct with prison inmates. A true and correct copy of the Factual Basis for Plea is attached hereto as Exhibit D.

12.

Ms. Solliday was one of the prison inmates with whom Defendant Spence engaged in

3

unlawful sexual conduct.

13.

As part of his plea agreement, Spence was sentenced to three (3) years probation and 12 months of home detention. A true and correct copy of the Judgment in a Criminal Case is attached hereto as Exhibit E.

14.

After he was sentenced, Ms. Solliday, initially *pro se*, initiated a civil action against him and several other prison guards in the United States District Court for the Northern District of Florida, Case No. 4:07-cv-363 ("Solliday's Civil Action"). A true and correct copy of her second amended complaint (the "Complaint") is attached hereto as Exhibit F.

15.

In her Complaint, Ms. Solliday alleged that Defendant Spence had sex with her while she was incarcerated at FCI Tallahassee and asserted claims for aggravated sexual abuse, in violation of 18 USC § 2241; sexual abuse, in violation of 18 USC § 2242; sexual abuse of a minor or a ward, in violation of 18 USC § 2243; and abusive sexual conduct, in violation of 18 USC § 2244.

16.

On or about March 20, 2008, Defendant Spence formally waived service of summons in Solliday's Civil Action against him. A true and correct copy of Defendant Spence's Waiver of Service of Summons is attached hereto as Exhibit G.

17.

Thereafter, Defendant Spence failed to file any pleading or motion in response to Ms. Solliday's Complaint.

18.

On March 23, 2010, more than two years after Defendant Spence waived service of summons in Solliday's Civil Action, the trial court directed that default judgment be entered against Defendant Spence due to his failure to respond to the Complaint. A true and correct copy of the <u>Order Directing Entry of Default Against the Defendant Spence and Directing the Entry of Judgment on the Claims against the Defendants Knight and Dixon</u> is attached hereto as <u>Exhibit H</u>.

19.

That same day, the Clerk of Court entered Default against Defendant Spence. A true and correct copy of the <u>Default</u> entered is attached hereto as <u>Exhibit I</u>.

20.

Thereafter, the trial court held a trial before a jury on the issue of Ms. Solliday's damages.

21.

After presentation of the evidence and deliberation, the jury, on April 7, 2010, returned a verdict in favor of Ms. Solliday in the total amount of $2,163,625 (the "Judgment"), representing compensatory damages in the amount $1,163,625 ($6,000 in lost earnings, $85,000 for mental health treatment to be incurred, $5,000 for physical pain and suffering and $1,067,625 for mention or emotional anguish and personal humiliation) and punitive damages of $1,000,000. A true and correct copy of the rendered <u>Verdict</u> is attached hereto as <u>Exhibit J</u>.

22.

The Verdict was made the Judgment of the court. True and correct copies of the <u>Judgment</u>, <u>Order Directing the Entry of a Rule 58 Final Judgment and Granting Plaintiff Leave</u>

5

to Proceed *In Forma Pauperis* on Appeal, and Amended Judgment, are attached hereto as Exhibit K, Exhibit L and Exhibit M respectively.

23.

After the Judgment was entered, Ms. Solliday domesticated it in Georgia as allowed by law and began taking actions in an attempt to collect on the Judgment.

24.

Upon information and belief, in an effort to hinder collection on the Judgment, Defendant Spence fraudulently transferred certain property, including but not limited to a mobile home, to family members.

## CLAIM

25.

Ms. Solliday reaffirms and realleges Paragraphs 1 through 24 above as if set forth herein.

26.

Defendant Spence willfully and maliciously injured Ms. Solliday when he sexually abused and assaulted her while he was a prison guard and she was a prison inmate under his supervision at FCI Tallahassee.

27.

As part of his guilty plea in the Spence Criminal Case, Defendant Spence admitted that he had sexual contact with inmates while a prison guard at FCI Tallahassee.

28.

As part of the Solliday Civil Action, Ms. Solliday alleged that (i) Defendant Spence had sex with her in violation of several federal statutes (18 USC §§ 2241-2244), (ii) as a direct and

proximate result of Defendant Spence's unlawful actions, she suffered and was continuing to suffer physical and mental injuries, and (iii) was retaliated against by Defendant Spence.

29.

Defendant Spence formally waived service of the summons in the Solliday Civil Action pursuant to Rule 4 of the Federal Rules of Civil Procedure.

30.

Thereafter, Defendant Spence elected not to defend himself against Ms. Solliday's claims and, approximately two (2) years after he waived service, the trial court entered default judgment against him.

31.

After default judgment was entered, the trial court in the Solliday Civil Action held a trial on the issue of her damages and, after presentation of the evidence and deliberation, the jury returned a judgment against Defendant Spence in the amount of $2,163,625.

32.

The Civil Judgment awarded by the jury in the Solliday Civil Action is the basis for Ms. Solliday's claim against Defendant Spence.

33.

Because Defendant Spence's debt to Ms. Solliday is due to his willful and malicious injury to her, it is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Solliday respectfully requests the following relief:

(1)   That process issue and Defendant Spence be served as provided by law;

(2)   That the Court determine that Debtor / Defendant Spence's Civil Judgment Debt is a nondischargeable debt under 11 U.S.C. § 523(a)(6);

(3)   That the Court award Solliday her attorneys fees and expenses in bringing this adversary proceeding; and

(4)   For such other and further relief as the Court finds just and proper.


Respectfully submitted this 12th day of December 2012.

/s/ Patrick J. O'Connor
Patrick J. O'Connor
Georgia Bar No. 548417

Mitchell & Shapiro LLP
3490 Piedmont Road, Suite 650
Atlanta, GA 30305
T: (404) 812-4750
F: (404) 812-4740
patrick@mitchellshapiro.com

Attorney for Creditor / Plaintiff
Myra Catherine Solliday